UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JAMES TOWNLEY | : | DOCKET NO. 2:06-cv-694<br>Section P |
| VS. | : | JUDGE MINALDI |
| PARISH OF CALCASIEU, ET AL. | : | MAGISTRATE JUDGE WILSON |

REPORT AND RECOMMENDATION

Currently before the court is a "Motion for Summary Judgment" [doc. 50] filed on behalf of defendants. By this motion, the defendants seek to have this court dismiss the claims of excessive force which have been made against them by the plaintiff. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

FACTS

In his complaint Plaintiff alleges that on or about December 30, 2005, he was subjected to the use of excessive force during an arrest. Specifically he alleges on December 30, 2005, he was walking down the street when an unmarked vehicle drove towards him and stopped. Several unidentified police officers jumped from the stopped vehicle and at least two of these officers rushed towards plaintiff. Plaintiff was told to "get down" by the first officer, but before he could comply with the order, a second officer slammed him to the ground and caused the first officer to fall on top of him. The second officer then allegedly grabbed plaintiff and began banging his head against the ground until he was knocked unconscious. Plaintiff claims that when he regained consciousness,

he was on the ground and handcuffed and at least two officers were punching him in the back of the neck and head.  They continued to do so until the plaintiff said "Okay, it's my crack."  Plaintiff was then allegedly placed in a second vehicle which had arrived at the scene.  His handcuffs were loosened upon his request, and he was taken to a building for further questioning. Plaintiff claims that after several hours, he was finally taken to Moss Regional Hospital.  Plaintiff alleges that x-rays were taken and pain medication prescribed.

The defendants admit that plaintiff was arrested on December 30, 2005 by a drug task force comprised of law enforcement personnel from multiple jurisdictions.   The arrest occurred after Corporal Reid and Lt. Bellow observed plaintiff buy 1 ounce of crack cocaine from an undercover agent.  However, the defendants contest the plaintiff's allegations that excessive force was used or that force was used in an objectively unreasonable manner.

In the affidavits submitted in support of this motion, the defendants state that during the course of the arrest "plaintiff was detained/restrained, handcuffed, and placed in a police vehicle for transport." *See* Doc. 50-4, p.6, ¶ 12; p.10, ¶ 12.. They further state that "[t]he officers used limited/reasonable physical force necessary to effect arrest, and [plaintiff's] apprehension appeared to be a routine arrest for this type of situation with nothing unusual." *Id.*, p.7, ¶ 13; p.10, ¶ 14.  Lt. Bellow states that he "noticed no visible injuries to plaintiff after his arrest, and plaintiff did not complain of any injury at the scene of his arrest to any of the arresting officers", and defendant Reid noticed only a small laceration on plaintiff's forehead which did not require medical attention. *Id.*, p.7, ¶ 14, p.11 ¶ 14.

The defendants move for summary judgment on the grounds that they did not use excessive force in arresting plaintiff but only force reasonable and necessary under the circumstances.

## SUMMARY JUDGMENT PRINCIPLES

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.  However, the movant does not need to negate the elements of claims on which the nonmoving parties would bear the burden of proof at trial.

The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case.  If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response.  If the movant does, however, meet this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.  To meet this burden, the nonmovant must identify specific evidence in the record and articulate the precise manner in which that evidence supports its claims.  As to material facts on which the nonmovant will bear the burden of proof at trial, the nonmovant must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial.  If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted. *Stults v. Conoco, Inc.*, 76 F.3d 651 (5th Cir. 1996).

The non-movant cannot satisfy this summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Wilson Industries, Inc. v. Aviva America, Inc.,* 185 F.3d 492, 493 (5th Cir. 1999), citing *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*).  Furthermore, it is noted that Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. *Stults, supra.*

## LAW AND ANALYSIS

Claims that law enforcement officers have used excessive force in the course of an arrest are to be analyzed under the Fourth Amendment and its "reasonableness" standard. *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989).  Under this standard, in order to

establish a claim for excessive force in violation of the Constitution, the plaintiff must prove "(1) an injury which (2) resulted directly and only from the use of force that was clearly excessive to the need and the excessiveness of which was (3) objectively unreasonable." *Williams v. Bramer,* 180 F.3d 699, 703 (5th Cir. 1999); *Ikerd v. Blair*, 101 F.3d 430, 433 (5th Cir. 1996).

"The test for reasonableness under the Fourth Amendment is not capable of precise definition and mechanical operation," therefore, the proper application of the "reasonableness" test "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, or whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 109 S.Ct. at 1872. Further, "the 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.*

The defendants have come forward with summary judgment evidence to support their argument that the force used against the plaintiff was reasonable under the facts and circumstances of this case. Specifically, they have produced sworn affidavits by the two defendants who arrested plaintiff which establish that the force used was limited to force necessary to effect plaintiff's arrest and that, at most, the plaintiff suffered a laceration to the head which did not require medical attention.

The plaintiff has not responded to the defendants' motion for summary judgment nor filed his own motion for summary judgment and/or statement of the issues as previously ordered by the court. Therefore, he has failed to go beyond the pleadings and to designate specific facts showing that there is a genuine issue for trial.

Based upon the summary judgment evidence in the record, the court finds that the defendants did not use force that was clearly excessive to the need and that the force used was not objectively unreasonable. Accordingly, summary judgment in favor of these defendants is appropriate.

For these reasons,

IT IS RECOMMENDED that the defendants' motion for summary judgment be GRANTED and that this matter be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, May 1, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE